IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Tyrone L. Knight, )
    Petitioner, )
)
v. ) 1:07cv694 (LMB/BRP)
)
Gene Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Tyrone L. Knight, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Virginia Beach, Virginia for three counts of possession of a controlled substance with intent to distribute, one count of conspiracy to distribute controlled substances, and one count of simple possession of a controlled substance. On November 13, 2007, respondent filed a Motion to Dismiss and a Rule 5 Answer. Petitioner was given the opportunity to file responsive materials, pursuant to Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, petitioner's claims must be dismissed.

### I. Background

On September 7, 2005, petitioner pled guilty in the Circuit Court for the City of Virginia Beach, Virginia to three counts of possession of a controlled substance with intent to distribute, one count of conspiracy to distribute controlled substances and one count of simple possession of a controlled substance. Resp. Ex. 1, Commonwealth v. Knight, No. CR05-136, 05-3133, Sentencing Order dated Dec. 22, 2005. During the plea colloquy, petitioner acknowledged: (1) that he fully understood the charges against him; (2) that he had discussed with his lawyer the charges and their

elements, what the Commonwealth would be required to prove and whether to plead guilty; (3) that he was entering his pleas of guilty freely and voluntarily because he was guilty of the crimes charged; (4) that he had discussed with his lawyer whether the defense of accommodation would apply to any of the charges; (5) that no one connected with his arrest and prosecution had threatened or forced him to enter the guilty pleas or made any promises concerning his pleas; (6) that he understood that the maximum possible punishment was 170 years imprisonment; (7) that he was entirely satisfied with the services of his attorney and the members of the public defender's office appointed to represent him; and (8) that, by pleading guilty, he waived any right to appeal the trial court's decision. Trans. dated Sept. 7, 2005 at 2-6; see Questions Asked of Defendant dated Sept 7, 2005. The trial court found that petitioner knowingly and intelligently pled guilty and accepted the guilty plea. Trans dated Sept. 7, 2005 at 7. On November 9, 2005, after learning that the public defender's office had been appointed to represent co-defendants of petitioner, petitioner's trial counsel, an assistant public defender, moved to withdraw from representing petitioner. Order dated Nov. 9, 2005; Mullen Aff. ¶ 2(r). Counsel's request was granted, and by Order dated November 9, 2005, subsequent counsel was appointed. Order dated Nov. 9, 2005. On December 21, 2005, the trial court sentenced petitioner to eighteen years in prison, suspending all but six years and eleven months. Trans dated Dec. 21, 2005 at 30.

Through counsel, petitioner filed a petition for appeal to the Court of Appeals of Virginia, claiming that the trial court abused its discretion in sentencing him. See Resp. Ex. 2, Knight v. Commonwealth, R. No. 0202-06-1, slip op. at 1 (Va. Ct. App. Sept. 15, 2006). Counsel also filed a motion to withdraw from the representation, which was accompanied by a brief referring to the part

2

of the record that might support the petition for appeal. Id. at 1. The brief was furnished to petitioner, who filed a supplemental petition for appeal pro se, claiming that trial counsel had a conflict of interest and rendered ineffective assistance, that the pre-sentence report contained an error of fact, and that his cooperation was not accounted for at sentencing. Id. at 2-3. After a review of the petition for appeal, petitioner's pro se supplement, and the entirety of the proceedings, the Court of Appeals of Virginia found the case to be "wholly frivolous" and granted counsel's motion for leave to withdraw. Id. at 3 (citing Anders v. California, 386 U.S. 738, 744 (1967)). Petitioner did not appeal to the Supreme Court of Virginia.

On January 8, 2007, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, claiming that counsel was ineffective for (a) "abandoning" petitioner's appeal and failing to appeal to the Supreme Court of Virginia, (b) failing to prepare for trial, file various motions, and raise an accommodation defense, (c) failing to avoid a conflict of interest, (d) disregarding petitioner's concerns about the alleged conflict, and (e) threatening petitioner with 180 years of incarceration and failing to advise petitioner concerning the consequences of going to trial. See Resp. Ex. 3, Knight v. Dir. of the Dep't of Corr., R. No. 070057, slip op. at 1-4 (Va. June 5, 2007). On June 5, 2007, the Supreme Court of Virginia dismissed the petition. See id. at 1. On July 7, 2007, petitioner filed the instant federal petition, raising the claims that he presented to the Supreme Court of Virginia in his state habeas petition.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are

3

contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, a federal court reviewing a habeas petition must presume that the state court's findings are correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

## IV. Merits

To succeed on a claim of ineffective assistance of counsel, petitioner must demonstrate that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and the court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. In order to undermine confidence in the trial outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993). Moreover, a court need not review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

Claim (a) involves a challenge to petitioner's direct appeal. Specifically, petitioner claims that appellate counsel was ineffective for "abandon[ing]" petitioner's appeal and failing to file an appeal to the Supreme Court of Virginia, resulting in a denial of his right to appeal. Pet., Attch. at 1-2; Pet. Resp. at 2. On state habeas, the Supreme Court of Virginia found that claim (a) was without merit because the record demonstrated that petitioner's counsel satisfied the requirements outlined in the Supreme Court's decision in Anders v. California, 386 U.S. 738, 744 (1967)[1] and upheld the determination by the Court of Appeals of Virginia that the appeal was "wholly frivolous."

---

[1] Anders outlines the circumstances under which an appellate court may grant appointed counsel's motion to withdraw from representation of a defendant who desires to appeal. See e.g., Fry v. Angelone, No. 98-8, 1998 WL 746859, at * 4 (4th Cir. Oct. 26, 1998) (citing Anders, 386 U.S. at 744). The following requirements must be met: 1) counsel must determine that an appeal would have been frivolous; 2) counsel must submit to his client and the court a brief addressing all issues that might arguably give rise to an appeal; 3) the defendant must be given the opportunity to raise any appellate issues of his choosing; and 4) the court must determine, after a full review of the record, that the appeal would be wholly frivolous. Id.

Knight, R. No. 070057, slip op. at 2. Moreover, because counsel complied with Anders and the motion to withdraw was approved by the Court of Appeals of Virginia, the Supreme Court of Virginia held that counsel had no further appellate obligations to petitioner. Id.

Attorneys have a professional obligation to refrain from filing frivolous motions or appeals. See McCoy v. Court of Appeals of Wisc., 486 U.S. 429, 438 (1988). Petitioner has not challenged as unreasonable the Supreme Court of Virginia's finding that counsel complied with the requirements of Anders and its determination that the appeal was "wholly frivolous." See Knight, R. No. 070057, slip op. at 2. Moreover, petitioner has failed to show that, in filing the Anders brief and moving to withdraw from a frivolous appeal, counsel's performance fell below an "objective standard of reasonableness" or that he suffered any prejudice as a result. See Strickland, 466 U.S. at 688, 690, 694. Because the Supreme Court of Virginia's determination with respect to claim (a) was neither contrary to, nor based on an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts, claim (a) will be dismissed.

In claim (b), petitioner raises several challenges to the performance of his original trial counsel. Specifically, petitioner claims that counsel was ineffective because she failed to prepare for trial, did not file suppression or pre-trial motions or motions to reduce the charges, and did not pursue an accommodation defense, resulting in a denial of due process and petitioner's right to a fair trial. On state habeas, the Supreme Court of Virginia rejected the allegations raised in claim (b) because petitioner failed to offer a "valid reason" why he should not be bound by his representations during his plea colloquy that his counsel's performance was adequate. Knight, R. No. 070057, slip op. at 3; see Trans. dated Sept. 7, 2005 at 2-6; Questions Asked of Defendant dated Sept 7, 2005.

6

Although petitioner makes a bare allegation that these trial tactics were "available" to counsel, such an unsupported allegation is insufficient to establish that, in failing to prepare for trial to petitioner's liking, to file the listed motions and to pursue an accommodation defense, counsel's performance fell below the wide range of "professionally competent" assistance. Strickland, 466 U.S. at 690. Accordingly, because the rejection of claim (b) by the Supreme Court of Virginia was neither contrary to, nor based on an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts, it will be dismissed.

In claim (c), petitioner alleges that his original trial counsel was ineffective for failing to avoid a conflict of interest by not withdrawing from representation of the petitioner before he pled guilty. To establish that counsel was ineffective based on a conflict of interest, petitioner must establish that (1) his attorney "'actively represented conflicting interests'" and that this conflict (2) "adversely affected his lawyer's performance." Mickens v. Taylor, 535 U.S. 162, 174-75 (2002) (quoting Culyer v. Sullivan, 446 U.S. 335, 350 (1980)) (emphasis by the Mickens Court); see Fullwood v. Lee, 290 F.3d 663, 689 (4th Cir. 2002). To establish an actual conflict of interest, petitioner must show that his interests "diverged with respect to a material factual or legal issue or to a course of action." Mickens v. Taylor, 227 F.3d 203, 213 (4th Cir. 2000). If petitioner can establish both an actual conflict of interest and an adverse effect on counsel's performance, a presumption of prejudice arises and a new trial must be ordered. Fullwood, 290 F.3d at 689.

On state habeas, the Supreme Court of Virginia found that the record demonstrated that trial counsel was not aware of the potential conflict of interest created by her office's representation of petitioner and a co-defendant until after petitioner entered his guilty plea. Knight, R. No. 070057,

slip op. at 4; see Mullen Aff. As soon as counsel became aware of the potential conflict, she withdrew from representation. Id. Accordingly, the court concluded that petitioner failed to demonstrate either the presence of an actual conflict of interest or an adverse effect on counsel's performance. Id. In the instant federal petition, petitioner likewise fails to establish that original trial counsel labored under an actual conflict of interest. Although petitioner claims that his original trial counsel "worked together" with other attorneys from the public defender's office to get their clients to plead guilty and then withdrew as counsel after the pleas were entered, Pet., Attch. at 7, he provides no evidence in support of this claim. To the contrary, the record reflects that trial counsel was not aware of her office's representation of the co-defendant and, upon learning of the potential conflict, notified her supervisors and thereafter withdrew from representation. Mullen Aff. ¶ 2(r). Further, even assuming arguendo that petitioner had demonstrated the existence of an actual conflict, he fails to allege, much less show, a resulting adverse effect on counsel's performance. Because petitioner has not demonstrated the presence of an actual conflict of interest and an adverse effect on counsel's performance, the Supreme Court of Virginia's rejection of claim (c) was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, claim (c) will be dismissed.

In claim (d), petitioner contends that he was denied the effective assistance of counsel because subsequent counsel "disregarded" his unspecified concerns regarding his original trial counsel's decision to withdraw from representation. Pet., Attch. at 8. On state habeas, the Supreme Court of Virginia held that claim (d) satisfied neither prong of the two-part test for ineffective assistance enunciated in Strickland. Knight, R. No. 070057, slip op. at 4. The court found that the

record, including the transcript of the sentencing hearing, demonstrated that petitioner failed to move to withdraw his guilty plea or otherwise raise the alleged conflict of interest or subsequent counsel's failure to pursue the issue at any point before or during sentencing. Id. Furthermore, the court concluded that because petitioner failed to establish an actual conflict of interest on the part of original trial counsel or an adverse effect on original trial counsel's performance, subsequent counsel was not deficient for failing to pursue further the alleged conflict of interest. Id. at 4-5. Likewise, in the instant federal petition, petitioner has not shown that, in failing to pursue the alleged conflict, subsequent counsel's performance fell below the wide range of "professionally competent" assistance. Strickland, 466 U.S. at 690. As such, the Supreme Court of Virginia's rejection of claim (d) was neither contrary to, nor an unreasonable application of, clearly established federal law, and claim (d) will be dismissed.

Finally, in claim (e), petitioner claims that original trial counsel was ineffective for inducing him to plead guilty on the threat that he would receive 180 years of incarceration if he did not plead guilty, and for failing to advise him of the "consequences [of] any trial options." Pet., Attch. at 3. Petitioner appears to allege that, as the result of this threat and failure to advise, his guilty plea was involuntarily entered. When considering an ineffective assistance of counsel claim in the context of a guilty plea, federal courts must apply a modified version of the two-part "performance and prejudice" test articulated in Strickland. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Burket v. Angelone, 208 F.3d 172, 194 (4th Cir. 2000). Specifically, the modified two-step analysis requires a petitioner (i) to "demonstrate that his trial counsel's performance fell below an objective standard of reasonableness," and (ii) to "show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." Burket, 208 F.3d at 194 (quoting Hill, 474 U.S. at 59). A successful petition "must show both deficient performance and prejudice," and "the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

The Supreme Court of Virginia rejected claim (e) on state habeas because petitioner failed to offer a valid reason why he should not be bound by his representations during the plea colloquy that his counsel's performance was adequate, that no person threatened him or forced him to enter the guilty plea, that he understood he was waiving his right to a trial by jury, and that his guilty pleas were voluntarily made. Knight, R. No. 354667, slip op. at 2-3; see Trans. dated Sept. 7, 2005 at 2-6. As an initial matter, a review of the record flatly contradicts petitioner's assertion that counsel induced him to plead guilty with a "threat" that he would receive 180 years imprisonment if he did not plead guilty and failed to advise him of the consequences of going to trial. In the affidavit submitted to the Supreme Court of Virginia on state habeas, petitioner's original trial counsel averred that she never "threatened" petitioner with a promise that he would receive 180 years imprisonment if he did not plead guilty. Mullen Aff. ¶ 2(k). To the contrary, trial counsel informed petitioner that the maximum sentence he could have received, if sentenced consecutively, was 170 years. Id. Additionally, counsel averred that she discussed with petitioner all aspects of his case, including the evidence against him, his participation in the drug sales at issue, the Commonwealth's policy that all possession with intent charges, if proceeding on a plea of not guilty, would be heard by a jury rather than a judge, and that juries could not suspend time imposed. Id. ¶ 2(i)-(l). Moreover, even assuming that counsel was, as petitioner suggests, "persistent" in her efforts to persuade him to plead

guilty, see Pet., Attch. at 2-3; Pet. Exs. A-B, petitioner has not shown how such efforts fell below an objective standard of reasonableness. See Burket, 208 F.3d at 194 (quoting Hill, 474 U.S. at 59). Finally, petitioner fails to allege, much less show, that, but for counsel's alleged errors, he would not have pled guilty and insisted on going to trial. Id. As such, petitioner has failed to show that counsel was ineffective in advising him concerning his guilty plea. Because the Supreme Court of Virginia's rejection of claim (e) was neither contrary to, nor an unreasonable application of, clearly established federal law, it will be dismissed.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the instant federal petition for a writ of habeas corpus will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 29th day of January 2008.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge